### McDOWELL v. CITY OF BARBERTON, OHIO.
#### No. 5374.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1930.

Stanley Denlinger, of Akron, Ohio, for appellant.

A. B. Casselberry, of Barberton, Ohio (George R. Platt, of Barberton, Ohio, on the brief), for appellee.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

HICKS, Circuit Judge.

Barberton, Ohio, owned and operated water works under the management and control of its director of public service. His authority is found in sections 3957 and 3958, Ohio General Code.[1] In virtue thereof, he promulgated certain regulations having the effect of ordinances, to wit: That charges for water shall be made against the premises supplied and the bill sent to the last known address of the owner; that water rents shall be due quarterly and if not paid within thirty days the water may be turned off; that new ownership of premises shall not eliminate the responsibility for payment of arrearages; that every person desiring water must apply in writing for service pipe and connection with the mains; that the application must be signed also by the owner of the property or his duly authorized agent with the distinct understanding that the property is to be held liable for all water rents accrued or which shall accrue against it; that the turning on of water at any premises shall mean that compliance with the rules and regulations of the Barberton Water Company has been agreed to by the applicant.

At the time of bankruptcy the Rubber Products Company owed the city $1351.80 for water. The city insisted (1) that this was a tax entitling it to priority under section 64(a) Bankr. Act 1898 (USC tit. 11, c. 7, § 104(a) [11 USCA § 104(a)]; and (2) that it had a lien on the real estate of the bankrupt to secure payment. The referee denied these contentions. The judge sustained them. He found (1) that the obligation was a tax; and (2) that to secure its payment the city had a lien upon the real estate of the bankrupt. We think the judge reached the correct result.

Ordinarily compensation for water furnished by a municipality is not a tax, but it may be brought within such category. Unless hampered by constitutional restrictions, the matter is one of legislative will. If the Legislature remains silent, the city supplies water by contract and the consumer's obligation is a debt. But here the Leg-

---

[1] "Sec. 3957. By-laws and regulations. Such director may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works. Such by-laws and regulations shall have the same validity as ordinances when not repugnant thereto or to the constitution or laws of the state.

"Sec. 3958. Assessment and collection of water rents. For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due, the director shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the same manner as other city taxes."

islature had acted. For the purpose of paying the expenses of conducting and managing the water works, it had authorized the director to make an equitable assessment upon all tenements and premises supplied with water and to collect the same (see Cincinnati v. Schultz, 97 Ohio St. 317, 318, 120 N. E. 176); that, in case of a delinquent tenant, the director shall look directly to the owner of the property for such of the rent as remains unpaid "which shall be collected in the same manner as other city taxes."

The evident purpose of sections 3957 and 3958, Ohio Gen. Code, though somewhat awkwardly expressed, was to give the city better security for the collection of its water rents, taking them out of the class of contract debts and characterizing them at least as special assessments upon real estate. There was no provision that their assessment and collection should be according to any constitutional guaranty as to uniformity, or to any legislative regulation as to method, but this was unnecessary because the Legislature was dealing with a local matter only. See Louisiana ex rel. Southern Bank v. Pilsbury, 105 U. S. 278, 295, 26 L. Ed. 1090; Arnold v. Knoxville, 115 Tenn. 195, 90 S. W. 469, 3 L. R. A. (N. S.) 837, 5 Ann. Cas. 881. It was not dealing with municipal taxation generally (Alter v. Cincinnati, 56 Ohio St. 47, 67, 46 N. E. 69, 35 L. R. A. 737), or, with "taxation" in the sense used in Cincinnati v. Roettinger, 105 Ohio St. 153, 137 N. E. 6. But the state gave the color and standing of taxes to municipal water rents to the extent at least that it secured their collection by a possible lien upon the real estate, and we think this peculiarity should be recognized by section 64(a) of the Bankruptcy Act (11 USCA § 104(a). To do this preserves rather than destroys the intention of the statute. At common law, debts and taxes are easily distinguished. One is a contract obligation and the other an impost. But this distinction has at least been somewhat disregarded (1) by sections 3957 and 3958, Ohio Gen. Code, by imparting to a debt certain characteristics of a tax; and (2) by the section of the Bankruptcy Act herein invoked in which taxes are classified as debts having priority. In re J. Menist & Co., Inc. (C. C. A.) 290 F. 947, 948.

It is urged that the lien reserved upon the real estate by the statute in connection with the regulations adopted pursuant thereto is not now effective because it continued for two years only, and to support the point section 3906 of Ohio Gen. Code is cited. An examination convinces us that this section is not applicable to the matter in hand.

The judgment of the District Court is affirmed.