In re INTERNATIONAL AUTOMATED MACHINES, INC., Debtor.

**Bankruptcy No. B79–101.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Jan. 26, 1981.

George E. Ferstle, Ferstle & Gouttiere, Toledo, Ohio, for debtor-objector.

Raymond J. Studer, Asst. Atty. Gen., Columbus, Ohio, for claimant.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter is under the Court's consideration pursuant to the filing by the Debtor-In-Possession, International Automated Machines, Inc., of an Objection to the Proof of Claim No. 615 of the Ohio Bureau of Worker's Compensation in the amount of Seventy-Five Thousand One Hundred Seventy-Six and 53/100 Dollars ($75,176.53). The parties have agreed, however, that the claim is subject to a set-off of Three Thousand Dollars ($3,000.00), the amount of the premium security deposit. The Ohio Bureau of Worker's Compensation claims by its Amended Proof of Claim that the amount of Seventy-Two Thousand One Hundred Seventy-Six and 53/100 Dollars ($72,176.53) became due on February 28, 1979 for payroll premiums, as required by Chapter 4123 of the Ohio Revised Code, for January 1, 1978 through June 30, 1978 and for July 1, 1978 through December 31, 1978. Having considered the parties' supporting briefs, the Court finds that the sole issue is whether such a claim is entitled to priority under Section 64(a)(4) of the Bankruptcy Act as a tax claim, or whether it is to be treated as an insurance claim without priority.

The Bankruptcy Act, Section 64, provides:

"(a) The Debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of pay-

ment shall be * * * (4) taxes which became legally due and owing by the bankrupt to the United States or to any state or subdivision thereof which are not released by a discharge in bankruptcy: Provided, however, that no priority over general unsecured claims shall pertain to taxes not included in the foregoing priority."

Debtor refers the Court to, and primarily rests its argument upon, the police power/taxing power dichotomy, urging that the amount represented by the claimant is an insurance premium collected by the State of Ohio in exercise of its police power, not as an exercise of its taxing powers. The basis of the Debtor's argument lies in the further distinction that "taxes" are revenues collected for the support of the government, whereas maintenance by the State of Ohio of a worker's compensation program through employer paid premiums does not represent a tax because 1.) the money is not collected for support of the government, and 2.) none of the funds so collected may be used for general revenue purposes.

The Court recognizes the functional validity of the police power/taxing power dichotomy relative to the exercise of State authority generally, however, the Court is not persuaded that application of Section 64 priority "is to be controlled or varied by the particular characterization by local law or the state's demand." *New York v. Feiring*, 313 U.S. 283, 61 S.Ct. 1028, 85 L.Ed. 1333 (1941).

The Court in *Feiring* further stated, "the priority commanded by Section 64 *extends to those pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it.*" (emphasis supplied) *Feiring*, supra, at 285, 61 S.Ct. at 1029. Decisions of the state courts and provisions of the worker's compensation law are looked to, "not to learn whether they have denominated the obligation a 'tax' but to ascertain whether its incidents are such as to constitute a tax within the meaning of Section 64." *Feiring*, supra, at 285, 61 S.Ct. at 1029.

The Ohio Worker's Compensation law establishes a comprehensive, compulsory system of employer contribution for work related injuries. The State Treasury bears the administrative costs (ORC 4123.024). The Debtor urges the Court to find that the premiums it is required to pay are not taxes, in part, because worker's compensation laws in Ohio have been upheld as an exercise of the police power. Referring to the case of *In re Pan American Paper Mills, Inc.*, 618 F.2d 159 (1st Cir. 1980), the Debtor contends that the decision therein is incorrect because it "rests primarily on the grounds that since unemployment compensation funds were held to be taxes under Section 64(a)(4) of the Bankruptcy Act, then workmen's compensation premiums should be, too." (Debtor's Brief in Support of Objection to Amended Proof of Claim No. 615 of the Ohio Workers' Compensation, p. 9).

In *Pan American*, which continues the holding of *Feiring*, unpaid premiums assessed against the debtor-employer under the Puerto Rico Workmen's Accident Compensation Act for a period when the employer was covered but not insured constituted "taxes" entitled to priority under the Bankruptcy Act. The Court held that the premium obligation of the employer was not a premium in the ordinary case of insurance, but rather was a tax which was payable even if it was not advantageous to the employer. Contrary to the Debtor's contention, the issue in *Pan American* was decided on the premise that Section 64 "gives priority to a premium claim if it has certain tax characteristics not because it has insurance characteristics." *Pan American*, supra, at 162. The *Pan American* Court did analogize the characterization of unemployment compensation contributions as taxes to workers' compensation contributions for purposes of Section 64. The Court clearly stated, however, that "the reason that such premiums should be treated as taxes within Section 64(a)(4) of the Bankruptcy Act is that they are pecuniary obligations imposed by the government for the purpose of defraying the expense of an undertaking

which it authorized." *Pan American*, supra at 162. See also *In re Oshkosh Foundry Co.* (D.C.Wis.), 28 F.Supp. 412 (1939).

There has been some divergence in cases considering whether statutory charges levied for special purposes outside general revenue expenditures are taxes, "but such exceptions (to finding such charges to be taxes for purposes of Section 64(a)(4)) are few and the majority opinion is that this consideration is not controlling." 3A Collier on Bankruptcy 64.404 (14th Ed. 1975) p. 2168, n.5.

The Sixth Circuit Court of the United States has already ruled in conformity with the majority opinion in an earlier Ohio case considering a similar question. See *McDowell v. City of Barberton, Ohio*, 38 F.2d 786 (6th Cir. 1930).

Inasmuch as the Debtor's argument in support of its position rests alternatively on this consideration, the Court finds that the contributions due the Ohio Bureau of Workers' Compensation for the Debtor-In-Possession constitute taxes entitled to priority under the broad scope of Section 64(a)(4) of the Bankruptcy Act.

It is therefore ORDERED, ADJUDGED AND DECREED that the claim of the Ohio Bureau of Worker's Compensation in the amount of Seventy-Two Thousand One Hundred Seventy-Six and 53/100 Dollars ($72,176.53) is a tax claim and not an ordinary insurance claim, and is HEREBY entitled to priority under Section 64(a)(4) of the Bankruptcy Act and is HEREBY allowed as a priority tax claim for distribution in this proceeding.