# In re SMITH JONES, INC., SJC Corporation, and Frigiking, Inc., Debtors.

## Bankruptcy Nos. 4–81–568, 4–81–1871 and 4–81–1872.

United States Bankruptcy Court, D. Minnesota.

Jan. 23, 1984.

---

11 U.S.C. § 362(a)(3) (1979).

**8.** *See* note 7 *supra.*

Rosanne H. Wirth, Wagner, Johnston & Falconer, Minneapolis, Minn., for debtor.

David E. Stocker, Asst. Atty. Gen., for the State of Ohio, Columbus, Ohio, for claimant.

## ORDER

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter is before the court on the debtor's objection to Proof of Claim # 742 filed by the Ohio Bureau of Workers' Compensation (claimant) in the amount of $58,394.14. A hearing was held on November 3, 1983 at which time the parties agreed to submit the matter on briefs.

Rosanne H. Wirth of Wagner, Johnston & Falconer, Ltd. represented the debtor and David E. Stocker, Assistant Attorney General for the State of Ohio, represented the claimant.

The issue to be resolved is whether the mandatory workers' compensation insurance premium payments due the claimant are a "tax" for purposes of 11 U.S.C. Section 507 and are entitled to priority under that section, or whether they are merely insurance premium payments and therefore not entitled to priority. Based upon the briefs and arguments of counsel, the court finds the following:

## FACTS

The facts are not in dispute. The debtor conducted business in the State of Ohio, which state has instituted, by statute, a mandatory workers' compensation scheme. O.R.C. Chapter 4123 *et seq.* Under Chapter 4123, the state has established an insurance fund in order to pay the workers' compensation claims of covered employees injured in Ohio. The monies for the fund are collected, in the form of semi-annual premiums, from all employers doing business in Ohio, save those employers of sufficient financial weight as to be self-insured. The fund is moneyed entirely by the collection of premiums from employers, such premiums being based on a formula which takes into account the degree of hazard of the occupation, total payroll of the employer, and other factors. O.R.C. Chapter 4123.29. Where the individual employer cannot be fitted into the formula under normal circumstances, the Industrial Commission is to determine the premium rates on other bases "consistent with insurance principles." O.R.C. Chapter 4123.29.

The state insurance fund is in lieu of private workers' compensation insurance carriers operating in the state. Participation in the fund is mandatory for employers in Ohio. Failure to remit the required premium may result in the filing of liens and judgments by the state, and such judgments have the "same effect as other judgments and be given the same preference . . . (as) judgments rendered for claims for taxes." O.R.C. Chapter 4123.37. Other sections of Chapter 4123 deny noncomplying employers common-law defenses to suits

brought by injured employees and allow for injunctions to be brought against the operations of a non-complying employer by a complying employer.

The debtor, which was subject to Chapter 4123, filed for Chapter 11 relief on March 24, 1981. The claimant filed its proof of claim ( # 742) for unpaid workers' compensation premiums on November 30, 1981 detailing its claim thusly:

Rate revision for period
| | |
|---|---|
| 7/1/80–12/31/80 (assessed 7/2/81) | 28,272.86 |
| Safety violation assessed 8/21/81 | 134.40 |
| Premium for period 1/1/81–3/23/81 | 30,971.88 |
| Advance deposit adjustment | [1,000.00] |
| Penalty for late report | 15.00 |
| Total amount assessed as claim | 58,394.14 |

## DISCUSSION

Determination of whether a debt owed a governmental entity is a "tax" under the Bankruptcy Code is a question of federal law to be determined by this court. Inferences may be drawn from the relevant state law, and state law is a starting point for the analysis, but ultimately federal bankruptcy law governs this issue.

The State of Ohio has undertaken, for whatever reasons, the job of workers' compensation insurer for employers within the state. In doing so, the state has established an insurance fund funded by insurance premiums paid by employers. Whether these premiums are also taxes is the issue to be determined.

In reviewing O.R.C. Chapter 4123, it becomes apparent that the Ohio Legislature established an insurance funding mechanism replenished by the premiums, not a revenue fund replenished by taxes. The payments into the fund are referred to as "premiums" throughout Chapter 4123 and are referred to by no other name. The rate of premium is determined by factors "consistent with insurance principles," O.R.C. 4123.29, and the fund is audited "by recognized insurance actuaries." O.R.C. 4123.47. Shortages in the fund itself are not reimbursed from general revenues but solely from alterations in the premium rates.

The claimant makes much of the remedies available to the state upon a failure to comply with Chapter 4123 by an employer. Various lien mechanisms and tax-like preferences are afforded claims for unpaid premiums. The argument goes that such remedies, combined with the denial of common-law defenses and injunction power established by Chapter 4123, lead to the conclusion: "If the Worker's Compensation System were simply an insurance fund, such powers would not be available for the collection of premiums." *Ohio Bureau of Worker's Compensation Brief in Opposition to Debtor's Objection To Claim # 742*, p. 3.

That argument begs the question, however. What the claimant here is arguing is that the premiums are taxes because the state, through its statutes, treats the premiums like taxes for some purposes. Not only does it beg the question but is also, as noted by the debtor, very self-serving.

This court must make a determination, independent of state law characterizations, of whether the premiums are a tax under 11 U.S.C. Section 507. I find that the premium payments are just that—premium payments, and are not a tax.

This conclusion is based primarily on two intertwined and key characteristics of the Ohio scheme:

1. The premiums paid do not inure to the general revenue of the people of the state. Instead, they go solely to the insurance fund out of which compensation claims are paid. These payments to a very narrowly defined revenue base, payment out of which goes only to those injured in work-related injuries, are not taxes but are a funding mechanism for a very narrow voluntary state undertaking.

2. The premiums are *premiums*. They are payments to an insurance fund whose purpose is to provide workers' compensation insurance coverage. That the state itself administers the fund and requires participation therein does not change the basic attribute of the debt—that of an insurance premium. That basic attribute cannot be escaped by the claimant. The State of Ohio voluntarily chose to assume the role of

workers' compensation insurance carrier. Had the state elected mandatory insurance coverage but through a private insurance carrier and/or voluntary coverage, no argument of the "tax" nature of the premiums would be heard.

Any other state or insurance carrier with a claim against a bankrupt employer for premiums would be relegated to the position of an unsecured creditor, despite the receipt by the debtor of the same item as the State of Ohio provides—workers' compensation coverage. Ohio here seeks a status superior to that of others who hypothetically are similarly positioned. That Ohio should gain this superior status merely because it is a state is not equitable. Basically, that is what the claimant's argument reduces to: Any payment due a state is entitled to priority. If Congress had intended such a result, it would have said so.

Other interesting questions remain. Even if the claimant's claim were a tax, is it an excise tax? (There do not appear to be any other subsections in Section 507(a)(6) which even arguably apply.) Did Congress intend Section 507(a)(6) to give priority to all taxes or only some taxes designated in Section 507? Luckily, I need not answer these questions.

Therefore, I am convinced that the insurance premiums discussed herein are not "taxes" under 11 U.S.C. Section 507, and therefore the claim of the Ohio Bureau of Workers' Compensation is not entitled to priority under that section of the Code.

### ORDER

THEREFORE, IT IS ORDERED that the debtor's objection to Claim # 742 is upheld and the claim is disallowed as a priority claim under 11 U.S.C. Section 507(a)(6). Said claim is hereby allowed as a general unsecured claim against the estate under 11 U.S.C. Section 502(b) in the amount of $58,-394.14.