**In re PRIMELINE INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 585–1092.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 31, 1987.

Daniel McGown, Akron, Ohio, for debtor.

George D. Mallo, Akron, Ohio, special counsel to the Atty. Gen.

## FINDING AS TO OBJECTION TO PROOF OF CLAIM

HAROLD F. WHITE, Bankruptcy Judge.

On October 2, 1987 the debtor filed an objection to the second amended proof of claim of the State of Ohio, Bureau of Workers' Compensation. The facts are not in dispute.

The debtor filed for protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* on September 10, 1985. On December 30, 1985, the creditor, State of Ohio, Bureau of Workers' Compensation, filed an estimated proof of claim in the amount of $21,031.61 for unpaid workers' compensation premiums for January 1, 1985 to August 31, 1985. On February 21, 1986, the creditor filed an amended proof of claim for payroll premiums due from January 1, 1985, through September 10, 1985, the date of the filing of the debtor's bankruptcy petition. On June 18, 1986, the creditor filed a second amended proof of claim in the amount of $42,561.33 to include indebtedness based on a violation of specific safety requirement award (VSSR). The VSSR award was in the amount of $6,968.00 for temporary total compensation paid in workers' compensation Claim No. 84–8527. On February 17, 1987, another original proof of claim was filed in the amount of $316.00 as a result of expenses incurred in workers' compensation Claim No. 46313–27.

The VSSR award in the amount of $6,968.00, being workers' compensation Claim No. 84–8527, arose on April 29, 1984 when Roberta Mendendez Myers (claimant) suffered injury when the ladder on which she was standing collapsed. The claimant received temporary total disability benefits due to the injury in the amount of $31,-417.62.

The VSSR or additional award in dispute was granted by the Industrial Commission of Ohio on July 9, 1985 based on the employer's failure to maintain the wooden step of a ladder as required by Ohio Administrative Code Rule 4121:1–5–03(C)(1)(b).

## ISSUE

The sole question for review is whether or not the additional violation of specific safety requirement award (VSSR) in the amount of $6,968.00 paid in workers' compensation Claim No. 84–8527 should be allowed priority pursuant to 11 U.S.C. § 507(a)(7)(E) as an excise tax?

## LAW

Counsel for the debtor in his brief admits Article II, Section 35 of the Constitution of the State of Ohio makes clear the basis both for the awarding of such funds to an employee as well as the charging of such amounts to to the employer. Essentially, that Section authorizes the Industrial Commission to determine whether an injury, disease or death of an employee was caused by the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees. When it is found, after hearing, that such is the case, the Industrial Commission is authorized to make specific additional awards for compensation to the employee and to charge such awards back to the employer by increasing the employer's premium.

The law is clear that the premiums paid by the employer to the State of Ohio, Bureau of Workers' Compensation are an excise tax. This matter has been litigated in an overwhelming number of bankruptcy courts and district courts, and the circuit courts have held that the payment of premiums is a tax. *See In re A.C. Williams Co.*, 51 B.R. 496 (Bankr.N.D.Ohio 1985); *In re Mansfield Tire & Rubber Co.*, 660 F.2d 1108, 1110 (6th Cir.1981); *In re International Automated Machines, Inc.*, 9 B.R. 575 (Bankr.N.D.Ohio 1981).

The debtor claims in his trial brief that in *In re Jenny Lynn Mining Co.*, 780 F.2d 585 (6th Cir.1986), the court held that a fee charged by the State of Ohio, Department of Natural Resources is not a tax. However, the Court in *Jenny Lynn*, on page

588, states that "the chief distinction is that a tax is an exaction for public purposes while a fee relates to an individual privilege or benefit to the payer." The Court further states "Fees are to support the agency that administers the program under which the fee is charged." *In re Jenny Lynn Mining Co.*, 780 F.2d at 589.

In the case before this court, the additional premium charged is not for the benefit of the Bureau of Workers' Compensation but is for the benefit of the employee who was injured on the job. Ohio Administrative Code provides that under 4121-3-20 an additional award of compensation is to be made for violations of a specific safety requirement.

The debtor does not dispute either the violation of the specific safety requirement as set forth in the Ohio Administrative Code nor that the determination of the additional award of compensation was not made within the provisions of Ohio Administrative Code 4121-3-20. The law is well settled that the Ohio Workers' Compensation statute has a number of purposes, the primary purpose being the compensation of workers and/or their dependents for disability or death due to industrial injury or occupational disease. Another purpose is the encouragement of occupational safety and hygiene by employers and under the Constitution of Ohio, Article II, Section 35, this purpose is accomplished by providing for financing of accident and disease prevention. *See* Ohio Revised Code § 4121.37.

Therefore, it is the determination of this court, that the claim of the State of Ohio, Bureau of Workers' Compensation in the amount of $6,968.00 for the VSSR award is accorded priority as a tax under 11 U.S.C. § 507(a)(7)(E) and the objection of the debtor to said claim is overruled.

A separate order in accordance with this Finding shall be entered.