**In re CARLTON ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 586–296.**

United States Bankruptcy Court, N.D. Ohio, E.D.

July 7, 1989.

Daniel McGown, Akron, Ohio, for debtor.

George D. Mallo, Akron, Ohio, Sp. Counsel to the Atty. Gen.

Larry Rhodebeck, Ohio Bureau of Workers' Compensation, Columbus, Ohio.

### FINDING AS TO OBJECTIONS TO CLAIMS OF THE OHIO BUREAU OF WORKERS' COMPENSATION

HAROLD F. WHITE, Bankruptcy Judge.

This matter comes before the court upon the Objections to Claims of the Ohio Bu-

reau of Workers' Compensation (BWC) as filed by the debtor in possession, Carlton Enterprises, Inc. (Carlton).

The court finds that Carlton filed on May 6, 1986 a voluntary petition under Chapter 11 of the Bankruptcy Code. The BWC filed three priority proofs of claim; to-wit, a claim in the amount of $141,572.12 pursuant to Ohio Revised Code § 4123.35 for unpaid premiums; a claim in the amount of $69,001.52 pursuant to Ohio Revised Code § 4123.75 for BWC claim No. 41979–27; and a claim in the amount of $49,476.53 pursuant to Ohio Revised Code § 4123.75 for BWC Claim No. 43946.27.

Carlton objected to the claim of $141,572.12 on the ground that its records indicated that only the sum of $63,251.91 was due. However, Carlton never offered or presented any evidence to the court. Carlton objected to the claims of $69,001.52 and $49,476.53 on the ground that said claims were for pure penalties, not entitled to priority and not properly established.

The parties filed Stipulations with Respect to Claims of State of Ohio, Bureau of Workers' Compensation, and Objections Thereto of the Debtor which is hereby made a part of and attached to this Finding. Further, the parties agreed to have this matter determined on the basis of the pleadings.

Pursuant to the Stipulations, the actual amounts claimed by the BWC are as follows: $134,773.38 for unpaid premiums; $69,001.52 for BWC Claim No. 41979–27; and $49,476.65 for BWC Claim No. 43946–27. The latter two sums claimed are collectively referred to as "Noncomplying Employer Claims." The nature of the injuries on which the Noncomplying Employer Claims are based is such that if Carlton had made timely premium payments, the claims would have been covered by the Ohio State Insurance Fund with Carlton owing nothing directly to the injured workers.

Carlton objects to the claims of the BWC on the grounds that said claims do not constitute an excise tax so as to enable the BWC to assert its claims as being entitled to priority under Section 507(a)(7)(E) of the

Bankruptcy Code and further, that the Noncomplying Employer claims constitute a penalty which is not in compensation for actual pecuniary loss by the BWC and is therefore not allowable as a priority under Section 507(a)(7)(G) of the Bankruptcy Code.

■ As argued by the BWC, premiums payable to the BWC have a priority as a tax pursuant to 11 U.S.C. § 507(a)(7)(E). *In re A.C. Williams*, 51 B.R. 496 (Bankr.N.D.Ohio 1985); *In re Primeline Industries, Inc.*, 103 B.R. 861 (Bankr.N.D.Ohio 1987). Therefore, the court holds that the sum of $134,773.38 as and for unpaid premiums is allowable as a claim entitled to priority pursuant to 11 U.S.C. § 507(a)(7)(E). The court notes that of said sum, $38,454.96 is secured pursuant to a lien filed by the BWC on September 23, 1985.

■ The Noncomplying Employer Claims include actual payments made by the BWC and also the present value of expected future payments as actuarily determined. Had Carlton paid its premiums, the BWC Claim Nos. 41979–27 and 43946–27 would have been covered by the Ohio State Insurance Fund.

Ohio law provides that in the event of an injury to an employee of an employer whose coverage has lapsed (i.e. Carlton), the employee has the option of bringing suit in common law against the employer, Ohio Rev.Code § 4123.77, or filing for workers' compensation benefits. Ohio Rev. Code § 4123.75. Before the claim of a non-complying employer is granted or denied, the BWC must file in the recorder's office of the county of the employer's property, an affidavit. Said affidavit constitutes a lien on both real and tangible personal property of the employer. Ohio Rev. Code § 4123.76; Ohio Admin.Code Rules 4121–14–04 and 4123–3–14.

In the event that said claim is approved (i.e. BWC Claim Nos. 41979–27 and 43946–27), the BWC shall pay benefits out of the surplus portion of the Ohio State Insurance Fund. Ohio Rev.Code § 4123.75. The BWC shall then use the lien and various other remedies to collect this amount (i.e.

$69,001.52 and $49,476.65) in full from the employer (i.e. Carlton). Ohio Rev.Code §§ 4123.75 and 4123.76. In contrast, only a percentage of the cost of a claim for a complying employer would be assessed with the semi-annual premium. Ohio Admin.Code Rule 4121–7–03.

Carlton argues that by administrative action by the BWC, it is possible to obtain retroactive coverage of the workers' claims upon payment of any late premiums and thereby award payment for Noncomplying Employer Claims. Pursuant to Ohio Administrative Code Rules 4121–9–07 and 4121–14–03, the BWC must administratively determine whether or not a late payment of a premium creates retroactive coverage. The BWC is limited, however, to consideration of premium payments made within sixty days of default. Ohio Admin.Code Rule 4121–14–03. Therefore, Carlton will not and would not have automatically been relieved of paying the Noncomplying Employer Claims upon its payment of the premiums in default.

Carlton's argument that the BWC should not be permitted to treat Carlton as though coverage had been in effect by collecting unpaid premiums while at the same time collecting payments because there was no coverage is well taken. The court finds that the Noncomplying Employer Claims are not entitled to priority as taxes under 11 U.S.C. § 507(a)(7)(E). However, the court finds that said claims are entitled to priority pursuant to 11 U.S.C. § 507(a)(7)(G) as reimbursement for actual pecuniary loss imposed as a penalty.

As argued by the BWC, Section 507(a)(7)(G) requires the following: 1) that the claims be related to a tax under Section 507(a)(7) (i.e. Section 507(a)(7)(E)); 2) that the claims be penal in nature (i.e. imposing a cost against an amenable employer for failing to maintain workers' compensation coverage at the time of the workers' injuries); and 3) that a claim against the employer (i.e. Carlton) compensates the creditor (i.e. BWC) for actual pecuniary loss suffered by payment to the claimants.

For the foregoing reasons, Carlton's objections should be overruled and the BWC's claims should be allowed.

A Separate Order in accordance with this Finding shall be entered.

## STIPULATIONS WITH RESPECT TO CLAIMS OF STATE OF OHIO, BUREAU OF WORKERS' COMPENSATION, AND OBJECTIONS THERETO OF THE DEBTOR

1. The creditor has filed five proofs of claim, upon which the debtor has filed objections to three.

2. On August 11, 1986, the creditor filed a proof of claim in the amount of $141,572.12 for the workers' compensation premiums for four semi-annual payroll reporting periods from July 1, 1984 to March 6, 1986.

A. The claim for unpaid premiums for the payroll reporting periods July 1, 1984 to December 31, 1984, and January 1, 1985 to June 30, 1985, is based upon actual figures obtained from the debtor.

B. The claim for unpaid premiums for the payroll reporting periods July 1, 1985 to December 31, 1985, and March 1, 1986, is estimated, based on historic reporting trends of the debtor.

C. The workers' compensation law of Ohio permits the estimation of premiums based upon whatever information is available to the State of Ohio and as is consistent with insurance principles. Ohio Revised Code §§ 4123.37 and 4123.-29(A).

3. The creditor's claim for unpaid premiums totals $134,773.38 because the information used to prepare it included $6,798.74 attributable to the four noncomplying employer claims, described below.

4. On September 29, 1986, the creditor filed two proofs of claim with respect to workers' compensation claim numbers 43185–27, and 44256–27, which are not challenged by the debtor.

5. For the purposes of settling factual issues and of reaching the legal issues between the parties, the parties agree that proof of claim filed November 24, 1986, with respect to BWC Claim No. 41979–27 amounts to $69,001.52.

6. For the purposes of settling factual issues and of reaching the legal issues be-

tween the parties, the parties agree that the proof of claim filed November 26, 1986, based on BWC Claim No. 43946–27 amounts to $49,476.65.

7. The nature of the injuries on which the claims are based is such that if the debtor had made a timely payment of all premiums, the four noncomplying employer claims would have been covered by the Ohio State Insurance Fund and the debtor would owe nothing directly to the injured workers.

A. Based upon interpretation of Ohio Administrative Code Rule 4121–9–07, it is the practice and policy of the creditor to require payment of premiums before coverage renews.

B. Under Ohio Revised Code § 4123.77 and 4123.75, the failure to make a timely payment creates a lapse in coverage which exposes the debtor either to liability directly to the injured worker and/or to the State of Ohio when the State has paid benefits directly to the injured worker.

C. Based upon interpretation of Ohio Revised Code § 4123.36 and Ohio Administrative Code Rules 4121–9–07 and 4121–14–03, it is the practice and policy of the creditor that late payment of premiums does not automatically create retroactive coverage, but requires administrative determination.

(s) George Mallo
per telephone authorization
7/22/88
George Mallo, Special Counsel
Office of the Ohio
Attorney General
(s) Larry Rhodebeck
Larry Rhodebeck
Bankruptcy Attorney,
Law Section
Ohio Bureau of
Workers' Compensation
(s) Daniel J. McGown
Daniel J. McGown
Debtor's Attorney