**OHIO BUREAU OF WORKERS' COMPENSATION, Appellant,**

v.

**MULLINS, Appellee.**

[Cite as *Ohio Bur. of Workers' Comp. v. Mullins* (2000), 140 Ohio App.3d 375.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 00CA10.

Decided Nov. 20, 2000.

*Javitch, Block, Eisen & Rathbone* and *Charles E. Natkins,* Special Counsel for the state of Ohio.

*Jeffrey L. Finley,* for appellee.

---

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Gallia County Common Pleas Court dismissing a garnishment proceeding brought by the state of Ohio, Bureau of Workers' Compensation, plaintiff below and appellant herein, against Forest E. Mullins, defendant below and appellee herein. The following "assignment of error" is posited for our review:

"Now comes the plaintiff, state of Ohio, Bureau of Workers' Compensation, by and through counsel, before this honorable court requesting that this court reverse the order of the court of common pleas dismissing the plaintiff's garnishment proceeding against the defendant. The plaintiff requests that this court apply the law as stated in the matter of *In re Suburban Motor Freight, Inc.,* 998 F.2d 338 (6th Cir.1993), and outlines such argument in the attached memorandum."

There is little background information in the record of this case, but it appears that appellee owned a construction related business in the early 1990s.[1] He apparently ran into problems (either with that business and/or his own personal finances) and, in 1992, filed a Chapter 7 consumer bankruptcy. The schedules he submitted along with his bankruptcy petition set forth numerous debts, including an "unsecured priority claim" by the "Ohio Bureau of Workers' Compensation"

---

1. The precise nature of that business is not entirely clear from the record. It would also appear that appellant had some sort of involvement with another business known as "Carter & Evans, Inc.," but, again, the nature of that involvement is unclear from the record.

(hereinafter "BWC") for unpaid workers' compensation premiums owed on account of his business employees. The United States Bankruptcy Court for the Southern District of Ohio granted appellee a discharge from all "dischargeable debts" in May 1993.

Several months later, judgment was entered against appellee in state court in the amount of $5,365.62 for the unpaid workers' compensation premiums. It is unclear whether BWC took any other action to collect this debt but, on January 11, 2000, the agency initiated the proceedings below by filing a notice of garnishment of personal property in the trial court. Appellee objected to the garnishment and requested a hearing on grounds that the debt had been discharged in his aforementioned bankruptcy. The matter came on for a hearing at which time appellee appeared *pro se* and argued that he was no longer liable for payment of the workers' compensation premiums or the judgment rendered thereon. Appellee had no documentation of the bankruptcy with him at the time, however, and the matter was continued.

Appellee then obtained counsel and, on March 17, 2000, filed a motion to dismiss the garnishment. In support of that motion, he submitted copies of his bankruptcy schedules (showing the debt for unpaid workers' compensation premiums) as well as the final entry discharging his indebtedness. BWC filed a memorandum in opposition arguing that the workers' compensation premiums were excise taxes which could not be discharged under federal law.

The matter came on for a second hearing on April 5, 2000, but there is no transcript of that proceeding in the record to show what was discussed at that time. In any event, the trial court entered judgment on May 18, 2000, sustaining appellee's motion and dismissing the garnishment. The trial court held that the debt BWC sought to collect from him had been "discharged in bankruptcy" and that the law prohibited any further enforcement of that claim. This appeal followed.

 BWC argues in its assignment of error that the trial court erred in finding that the unpaid workers' compensation premiums had been discharged in bankruptcy and could not be collected in a garnishment proceeding. We agree. Our analysis begins with the provisions of Section 523(a)(1)(A), Title 11, U.S.Code, which state that a discharge in bankruptcy does not discharge a debtor from those debts set forth *inter alia* in "section * * * 507(a)(8) of this title." The provisions of Section 507(a)(8)(E), Title 11, U.S.Code, give priority status to governmental claims for "excise taxes." Therefore, "excise taxes" are not dischargeable in bankruptcy. See, *e.g.*, *Williams v. Motley* (C.A.4,1991), 925 F.2d

741, 743; *In re Dawson* (Bankr.Ore.1989), 98 B.R. 519, 522–523.[2] The United States Sixth Circuit Court of Appeals held in *In re Suburban Motor Freight, Inc.* (C.A.6,1993), 998 F.2d 338, 342 (hereinafter referred to as *"In re Suburban"*), that unpaid premiums owed the BWC were excise taxes for purposes of federal bankruptcy law.

Thus, the unpaid premiums owed by appellee in this case must be treated as "excise taxes," which, under the aforementioned federal statutory provisions, are not dischargeable in bankruptcy. The trial court therefore erred in holding that the claim against appellee had been discharged and that BWC could not pursue the debt through a garnishment proceeding.

Appellee does not contest application of these principles to the present case but argues, instead, that *In re Suburban* was not decided until a month after his discharge and should not be applied to him retrospectively. We are not persuaded. Unlike statutory enactments, judicial pronouncements of the law generally apply retrospectively. *State v. Akers* (Sept. 9, 1999), Lawrence App. No. 98CA33, unreported, 1999 WL 731066; See, also, *Shockey v. Our Lady of Mercy* (Jun. 25, 1997), Hamilton App. No. C–960492, unreported, 1997 WL 346104. The effect of a court decision is not to make new law but only to hold that the law always meant what the court says it now means. *Akers, supra.* There are exceptions to this rule in those instances in which a court expressly indicates that its decision is only to apply prospectively, see *Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 125, 127, 707 N.E.2d 472, 475; *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418, or in which contractual rights have arisen or a party has acquired vested rights under prior law. See *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468; see, also, *Cartwright v. Maryland Ins. Group* (1995), 101 Ohio App.3d 439, 443, 655 N.E.2d 827, 829; *King v. Safeco Ins. Co.* (1990), 66 Ohio App.3d 157, 161–163, 583 N.E.2d 1051, 1054–1055. Those circumstances do not exist here, however, and we therefore conclude that *In re Suburban* controls in the present case.

We would parenthetically note that even if *In re Suburban* did not control this case, we would still reach the same result. That decision by the Sixth Circuit Court of Appeals was not the first time this issue was addressed in federal court. Several bankruptcy courts have also reviewed this issue and have reached the same conclusion. See *In re Primeline Industries, Inc.* (N.D.Ohio 1987), 103 B.R. 861, 862; *In re Mansfield Tire & Rubber Co.* (N.D.Ohio 1987), 80 B.R. 395, 398;

---

**2.** Creditors of nondischargeable debt are then free to pursue their claims outside the bankruptcy proceeding. See *In re Grynberg* (C.A.10,1993), 986 F.2d 367, 370–371; see, generally, 4 Collier on Bankruptcy (15 Ed.1998), 501–7, ¶ 501.01[3][d].

*In re Internatl. Automated Machines, Inc.* (N.D.Ohio 1981), 9 B.R. 575, 576. Thus, even if *In re Suburban* did not apply here, this court would have followed the principles set down in these other cases and found that workers' compensation premiums owed by appellee were excise taxes that could not be discharged in bankruptcy.

For these reasons, the assignment of error is well taken and is hereby sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*for further proceedings.*

KLINE, P.J., and HARSHA, J., concur.