DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Vinton County Common Pleas Court summary judgment in favor of Travelers Insurance Group (Travelers), defendant below and appellee herein.
 {¶ 2} Wayne Mutual Insurance Group (Wayne Mutual), plaintiff below and appellant herein, raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred to the prejudice of Plaintiff-Appellant by denying its motion for summary judgment and granting the defendant's motion for summary judgment."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred to the prejudice of the plaintiff-appellant in holding that wayne mutual is not entitled to contribution from travelers when the court found that both travelers and wayne mutual provided primary uninsured motorist coverage to womeldorf."
THIRD ASSIGNMENT OF ERROR:
"The trial court erred to the prejudice of the plaintiff-appellant when it misinterpreted wayne mutual's `other insurance' clause and found that appellee travelers' policy did not provide similar insurance as wayne mutual's."
 {¶ 3} Appellee raises the following cross-assignment of error:
"The trial court erred by holding the term `you' in travelers' `other insurance' clause must be read under scott-pontzer to mean employees of frick gallagher."
 {¶ 4} On July 2, 1991, John Womeldorf suffered injuries in an automobile accident. Womeldorf's insurer, Wayne Mutual, paid Womeldorf $30,000 for uninsured motorist coverage.
 {¶ 5} At the time of the accident, Frick-Gallagher Manufacturing (Frick) employed Womeldorf. Frick carried a commercial liability policy with Travelers that provided $1 million in uninsured/underinsured motorists (UM/UIM) coverage.
 {¶ 6} On July 19, 2001, appellant notified Frick of a subrogated UM claim. On July 30, 2002, appellant filed a complaint against appellee to discover the contents of its policy. Both parties subsequently filed summary judgment motions. Appellant argued that Womeldorf qualified as an insured under appellee's policy, while appellee asserted that Womeldorf was not entitled to UM coverage under its policy.
 {¶ 7} On July 10, 2003, the trial court, relying upon Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, determined that Womeldorf is an insured under appellee's policy. The court further concluded that both policies provided primary coverage, but that the policies did not provide "similar" coverage. The court therefore decided that appellee's policy provided excess coverage and that appellant was not entitled to a pro rata contribution. Appellant filed a timely notice of appeal.
 {¶ 8} The Ohio Supreme Court's recent decision in Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ___ N.E.2d ___, is dispositive of the instant appeal.[1] In Galatis, the court abandoned the Scott-Pontzer rationale. The court stated:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 9} The issues in the case sub judice arise out of a finding that Womeldorf was an insured pursuant to the Scott-Pontzer rationale. UnderGalatis, however, Scott-Pontzer no longer applies to all employees of a corporation. Rather, an employee of a corporation is an insured under an insurance policy issued to that corporation only if the employee suffers the loss while in the course and scope of employment. In the case at bar, appellant has not alleged, and no evidence exists, that Womeldorf was in the course and scope of employment at the time of the accident. Therefore, under the recently-decided Galatis, Womeldorf is not an insured under Travelers' policy. Because Womeldorf is not an insured, the questions raised in the present appeal need not be addressed. The threshold issue, whether Womeldorf is an insured, completely disposes of the case. Because Womeldorf is not an insured he, and thus appellant as the subrogated insurer, does not have a UM claim against Travelers.
 {¶ 10} We note that in general, a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Thus, the effect of the subsequent decision is not that the former decision was bad law, but rather that it never was the law. InOhio Bureau of Workers' Comp. v. Mullins 140 Ohio App.3d 375, 378,747 N.E.2d 856, 858, 2003-Ohio-2029 we wrote:
"Appellee does not contest application of these principles to the present case but argues, instead, that In re Suburban was not decided until a month after his discharge and should not be applied to him retrospectively. We are not persuaded. Unlike statutory enactments, judicial pronouncements of the law generally apply retrospectively. Statev. Akers (Sept. 9, 1999), Lawrence App. No. 98CA33, unreported, 1999 WL 731066; See, also, Shockey v. Our Lady of Mercy (Jun. 25, 1997), Hamilton App. No. C-960492, unreported, 1997 WL 346104. The effect of a court decision is not to make new law but only to hold that the law always meant what the court says it now means. Akers, supra. There are exceptions to this rule in those instances in which a court expressly indicates that its decision is only to apply prospectively, see LakesideAve. L.P. v. Cuyahoga Cty. Bd. of Revision (1999), 85 Ohio St.3d 125,127, 707 N.E.2d 472, 475; State ex rel Bosch v. Indus. Comm. (1982),1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418, or in which contractual rights have arisen or a party has acquired vested rights under prior law. See Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209,210, 57 O.O. 411, 129 N.E.2d 467, 468; see, also, Cartwright v. MarylandIns. Group (1995), 101 Ohio App.3d 439, 443, 655 N.E.2d 827, 829; Kingv. Safeco Ins. Co. (1990), 66 Ohio App.3d 157, 161-163, 583 N.E.2d 1051,1054-1055. Those circumstances do not exist here, however, and we therefore conclude that In re Suburban controls in the present case."
 {¶ 11} Accordingly, based upon the foregoing reasons, we overrule appellant's three assignments of error and appellee's cross-assignment of error. We hereby (1) reverse that part of the trial court's judgment that finds that under Scott-Pontzer, Womeldorf is an insured; and (2) affirm the remainder of the trial court's judgment.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Harsha, J. Kline, P.J., concur in Judgment Opinion.
[1] The trial court did not have the benefit of the Galatis decision during the proceedings below. The Ohio Supreme Court released Galatis
after the trial court issued its judgment and during the pendency of this appeal.