OPINION
{¶ 1} Defendant-appellant, Citizens Insurance Company of Ohio, appeals a decision of the Madison County Court of Common Pleas granting summary judgment in favor of plaintiffs-appellees, Benjamin Daniels and Christal Nida, in a declaratory judgment action.
 {¶ 2} The parties stipulated to the following facts: On December 31, 1999, Daniels was riding as a passenger in a vehicle driven by Matthew Conley. Conley failed to maintain control of the vehicle, causing the car to leave the road and collide with a concrete culvert. Another passenger was killed in the accident, while Daniels and two others suffered serious injury. Conley was insured by State Farm Automobile Insurance Co., under a policy with liability limits of $25,000 per person and $50,000 per accident. State Farm tendered the $50,000 policy limit.
 {¶ 3} Daniels is the minor son of Christal Nida, and resides in her household. At the time of the accident, Nida was employed by Mike's Trucking Ltd. Mike's Trucking was insured under a commercial auto policy, issued by appellant, which included uninsured/underinsured motorist coverage with a liability limit of $1 million.
 {¶ 4} Appellees filed suit against appellant, seeking a declaration that Daniels is an insured under the Mike's Trucking policy. Both parties moved for summary judgment. The trial court granted judgment in favor of appellees based in part onScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292. Appellant appeals, raising a single assignment of error:
 {¶ 5} "The trial court erred in granting summary judgment to appellees and denying summary judgment to appellant."
 {¶ 6} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. This requires that a reviewing court "use the same standard that the trial court should have used, and examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewerv. Cleveland Bd. Of Edn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120. In other words, this court reviews the trial court's decision without according it any deference. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 7} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial[.]" Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107.
 {¶ 8} In Scott-Pontzer, the Ohio Supreme court determined, among other things, that appellant's decedent was an insured under the automobile liability insurance policy of his employer, Superior Dairy. The policy defined "insured," in relevant part, as "You," and "If you are an individual, any family member." The insurer argued that the inclusion of the phrase, "If you are an individual, any family member" removed any doubt that the "you" referred solely to Superior Dairy. The court rejected that argument, noting that while the policy could be interpreted to mean that Superior Dairy was the sole named insured under the policy, it could also be interpreted to include Superior Dairy's employees, because "a corporation can act only by and through real live persons." Id. at 664.
 {¶ 9} The policy at issue in the present case contains the same ambiguity found in the policy at issue in Scott-Pontzer,
i.e., the policy lists the corporation as the named insured.[1] Therefore, as the trial court concluded, underScott-Pontzer, the policy must be interpreted as extending coverage to all of the corporation's employees. See Reichardt v.National Surety Corp., Clermont App. Nos. CA2002-02-017, CA2002-02-018, 2002-Ohio-5143, citing Scott-Pontzer at 664. Coverage would likewise extend to the family members of the insured employees. See Ezawa v. Yasuda Fire Marine Ins. Co. ofAm., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 10} However, the Supreme Court of Ohio has subsequently limited the holding of Scott-Ponzter and reversed its decision in Ezawa. As relevant to the present case, the court stated:
 {¶ 11} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation,unless that employee is also a named insured." Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849 at paragraph three of the syllabus (emphasis added).
 {¶ 12} Review of the policy at issue in the present matter reveals that Nida was not a named insured under the policy, thus precluding the extension of coverage under the policy to Daniels, her son. The only named insured designated on the policy is Mike's Trucking Ltd. Appellant is accordingly entitled to judgment in its favor. The assignment of error is sustained.
 {¶ 13} Judgment reversed.
Valen, P.J., and Powell, J., concur.
[1] The policy designates the "named insured" as "Mike's Trucking LTD.," and indicates that throughout the policy, "the words `you' and `your' refer to the Named Insured." The policy contains the same definition interpreted in Scott-Pontzer
related to "who is an insured": "1. You. 2. If you are an individual, any `family member.'"