[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Dorothy Singleton dismissed Bagwell Enterprises and Nationwide Mutual Insurance Company before the trial court ruled on her motion for summary judgment against Midwestern.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Dorothy Singleton appeals the Adams County Court of Common Pleas' summary judgment in favor of Midwestern Indemnity Company. Singleton argues that the trial court erred when it found that she was not an insured for underinsured motorist ("UIM") coverage under a business auto insurance policy issued to Bagshaw Enterprises, Inc. by Midwestern. We disagree because Singleton was not an employee of Bagshaw Enterprises, and consequently, her injuries did not occur during the course and scope of her employment. See Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus. In addition, although Singleton lived with her daughter and her daughter worked for Bagwell Enterprises at the time of Singleton's injuries, Singleton does not qualify as a "family member" of other insureds because her daughter was not a named insured in the policy. Id. at paragraph three of the syllabus. Singleton argues that Galatis does not apply because it is not retrospective. She maintains that she has contractual rights under Ezawa v. Yasuda Fire Marine Ins. Co. (1999),86 Ohio St.3d 557, and that her contractual rights are an exception to the general rule that a decision overruling a former decision is retroactive. See Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209,210. We find that Singleton did not acquire contractual rights underEzawa because the insurance contract, releases and settlement agreements were created years before Ezawa was decided in 1999. See Galatis at ¶ 59. Singleton further argues that the trial court erred when it found that she did not give "prompt notice" as required by the terms of the insurance contract. We do not address this argument because it is moot. Midwestern cross-appeals and argues that the trial court erred when it did not strike Singleton's affidavit. We do not address this argument because it is also moot. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In 1991, Singleton lived with her daughter who was an employee of Bagshaw Enterprises. Bagshaw Enterprises had a business auto insurance policy with UIM coverage through Midwestern. On May 13, 1991, Eric P. Compton negligently drove a motor vehicle that struck a vehicle driven by Lois Gilbert. Singleton was a passenger in the Gilbert vehicle. In 1993, the injured Singleton settled with Compton, Gilbert and their insurance companies. In December 2000, Singleton notified Midwestern of the accident and sought a UIM claim under the commercial auto insurance policy it had issued to Bagshaw Enterprises.
 {¶ 3} Midwestern issued the insurance contract to named insureds Bagshaw Enterprises and Robert and Ann Bagshaw. The UIM coverage endorsement of the insurance policy is identical to the one in Ezawa and provides:
B. Who is an insured
1. You.
2. If you are an individual, any "family member."
* * *.
 {¶ 4} In June 2002, Singleton filed a declaratory judgment action against Midwestern. Both parties filed cross-motions for summary judgment. Singleton relied on the findings in Scott-Pontzer v. LiberalMut. Life Ins. Co. (1999), 85 Ohio St.3d 660 and Ezawa, supra, to show that she was an insured under the UIM coverage of the business auto insurance policy provided by Midwestern to Bagshaw Enterprises in 1991. Midwestern argued that Singleton was not an insured under Scott-Pontzer
and Ezawa, Singleton did not timely notify Midwestern of the claim, it did not consent to the 1993 settlements, and the untimely notice and lack of consent prejudiced Midwestern's subrogation rights. The trial court granted Midwestern's motion. It distinguished this case fromScott-Pontzer by finding that the broadened coverage endorsement, adding individual named insureds to the policy, eliminated any ambiguity over the use of the word "you" in the policy. In the alternative, it found that Singleton did not follow the requirements of the policy when she did not give "prompt notice" and did not follow the subrogation provisions, which prejudiced Midwestern's subrogation rights.
 {¶ 5} Singleton timely appeals and assigns one assignment of error: "The trial court erred to the prejudice of plaintiff-appellant, Dorothy Singleton, in granting summary judgment in favor of defendant-appellee, Midwestern Indemnity Company, and denying plaintiff-appellant's motions for summary judgment on her claims for declaratory relief on Midwestern Indemnity Company's business auto policy number 63-906441." Midwestern cross-appeals and assigns one assignment of error: "The trial court erred by overruling the Defendant-Appellee/Cross-Appellant's motion to strike the affidavit of Dorothy Singleton."
 II. {¶ 6} Singleton argues that the trial court erred when it found that she was not an insured under the UIM coverage in the business auto insurance policy. She maintains that, pursuant to Scott-Pontzer andEzawa, she is an insured under the policy. We disagree.
 {¶ 7} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 8} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * *. He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 9} We apply identical standards of interpretation to insurance contracts as we do to other written contracts. Hybud Equip. Corp. v.Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning.Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 362. When deciding whether a claimant is an insured under a policy and the contract is ambiguous and susceptible of more than one interpretation, we must liberally construe the language in favor of the policyholder, not the claimant. Galatis at ¶ 35. We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108.
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" Galatis, supra, at paragraph two of the syllabus. "Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. ofAm. [1999], 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)" Id. at paragraph three of the syllabus.
 {¶ 11} Here, the policy named a corporation as an insured, i.e. Bagshaw Enterprises. However, Singleton was not employed by Bagshaw Enterprises, and thus, she did not meet the requirement of acting within the course and scope of employment. Scott-Pontzer as limited by Galatis.
In addition, the named insureds in the policy, besides Bagshaw Enterprises, were Robert and Ann Bagshaw. Hence, although Singleton lived with her daughter at the time of the accident, the designation of "family members" of the named insured as other insureds does not include Singleton because her daughter was not a named insured in the policy as required by Galatis. Consequently, Singleton is not an insured under the insurance contract Midwestern issued to Bagshaw Enterprises and cannot receive UIM benefits.
 {¶ 12} Singleton contends that we cannot apply Galatis
retrospectively because she acquired contract rights under Ezawa. We disagree.
 {¶ 13} "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." Peerless, supra, at 210. "A right does not vest unless it constitutes more than a `mere expectation or interest based upon an anticipated continuance of existing law.'" Kallas v. Ohio WaterServ. Co. (1999), 132 Ohio App.3d 421, 428 quoting In re Emery (1978),59 Ohio App.2d 7, 11. A person can acquire contractual rights or vested rights when he or she relies on laws in effect at the time of signing a settlement agreement. See, e.g., Clark v. Bureau of Workers' Comp. (May 1, 2003), Franklin App. No. 02AP-743; Perry v. Motorists Mut. Ins. Co.
(Aug. 21, 1990), Franklin App. No. 89AP-423. "The overwhelming majority of Scott-Pontzer [and Ezawa] cases are resurrected claims from the years prior to the Scott-Pontzer [and Ezawa] decision[s]. Because no one was aware of this form of [UM/UIM] coverage before it was created * * *, no one could have relied upon it." Galatis at ¶ 59.
 {¶ 14} Here, Singleton's accident occurred in 1991. The Midwestern policy in existence on the accident date is the insurance contract that applies. Singleton settled with Compton, Gilbert and their insurance companies in 1993. The Ohio Supreme Court decided Ezawa in 1999. Hence, the parties to the insurance contract, releases and settlement agreements could not have relied on Ezawa. Consequently, we find that Singleton could not have acquired any contractual rights from Ezawa because it did not exist at the time the insurance contract, releases and settlement agreements were created.
 {¶ 15} Singleton next argues that we should not follow Galatis
because it violates the third prong of its own rule for determining when to apply the doctrine of stare decisis. Even if we agreed with Singleton, we do not have the authority to declare Galatis wrongly decided and refuse to follow it. See, e.g., Schlachet v. Cleveland ClinicFoundation (1995), 104 Ohio App.3d 160, 168.
 {¶ 16} Singleton further argues that the trial court erred when it found that she did not give "prompt notice" as required by the terms of the policy. We do not address this argument because it is moot. See App.R. 12(A)(1)(c).
 {¶ 17} Accordingly, we overrule Singleton's sole assignment of error.
 III. {¶ 18} Midwestern in its cross-appeal contends that the trial court erred when it did not strike Singleton's affidavit. We do not address this argument because it is also moot. Id.
 IV. {¶ 19} In conclusion, we find that Singleton is not an insured under the UIM coverage of the business auto policy Midwestern issued to Bagshaw Enterprises. We find that there is no genuine issue as to any material fact, Midwestern is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to Singleton.
 {¶ 20} Accordingly, we overrule Singleton's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.