DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Royal and Sun Alliance Personal Insurance Company (Royal), Cincinnati Insurance Company (Cincinnati), and Progressive Preferred Insurance Company (Progressive), defendants below and appellees herein.
 {¶ 2} David W. Caplinger, David E. Caplinger, Ty Rapp, Robert Rapp, and Becky L. Spencer, plaintiffs below and appellants herein, raise three assignments of error for review:
First Assignment of error:
"The trial court erred in granting the motion for summary judgment of appellee, Royal Sunalliance Insurance Company."
Second Assignment of error:
"The trial court erred in granting the motion for summary judgment of appellee, The Cincinnati Insurance Company."
Third Assignment of error:
"The trial court erred in granting the motion for summary judgment of appellee, The Cincinnati Insurance Company."
 {¶ 3} The case at bar involves appellants' right to receive underinsured (UIM) coverage under various policies of insurance pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557,715 N.E.2d 1142. The parties do not dispute the relevant facts.
 {¶ 4} On March 25, 2000, David W. Caplinger (David) and Ty were injured in an automobile accident. Jason E. Raines was the driver of the vehicle in which David and Ty were passengers.
 {¶ 5} At the time of the accident, David E. Caplinger (Caplinger), David's father, was employed with the Ross County YMCA. Royal issued a business automobile liability policy of insurance to the YMCA that contained a $1 million liability limit and that provided coverage for "hired" and "non-owned autos." The policy did not list any specific vehicles that were covered. Additionally, the policy did not offer any UM/UIM coverage.
 {¶ 6} Robert Rapp, Ty's father, was employed with Martin Painting and Coating Company. Cincinnati issued to Martin a business automobile liability policy with $5000,000 in UM/IUM coverage and a commercial umbrella policy with a $7 million liability limit. Martin executed a form rejecting UM/IUM coverage under the umbrella policy.
 {¶ 7} Spencer, Ty's mother, was employed with Christy's Pizza, Inc. Progressive issued a commercial automobile liability policy that contained a combined single limit of $3000,000 in UM/IUM coverage.
 {¶ 8} Appellants subsequently filed a complaint against, inter alia, Royal, Cincinnati, and Progressive seeking UIM coverage under the policies. Appellants claimed that pursuant toScott-Pontzer and Ezawa, they qualify as insureds under appellants' respective employers' policies and are entitled to UIM coverage.
 {¶ 9} David and Caplinger asserted that they are entitled to UIM coverage under Royal's policy that it issued to Caplinger's employer, the YMCA. Ty and Rapp asserted that they are entitled to UIM coverage under both the business auto liability policy and the commercial umbrella policy that Cincinnati issued to Rapp's employer, Martin. Ty and Spencer asserted that they are entitled to UIM coverage under the Progressive policy issued to Spencer's employer, Christy's.
 {¶ 10} Royal, Cincinnati, and Progressive filed separate summary judgment motions. Appellants filed a combined memoranda contra and cross-motion for partial summary judgment to each insurer's summary judgment motion.
 {¶ 11} On August 6, 2002, the trial court granted Royal's, Cincinnati's and Progressive's summary judgment motions and denied appellants' cross-motions for partial summary judgment. Appellants timely appealed and we dismissed the appeal for lack of a final appealable order. See Caplinger v. Raines, Ross App. No. 02CA2683, 2003-Ohio-2586. On remand, the trial court concluded that none of the appellants were entitled to UIM coverage under the employers' policies. Thus, the court entered summary judgment in appellees' favor. Appellant's filed a timely notice of appeal.
 I {¶ 12} Appellants' three assignments of error raise the related issue of whether the trial court erred by entering summary judgment in appellees' favor and by determining that appellants were not entitled to UIM coverage under appellees' policies. In their first assignment of error, appellants argue that the trial court improperly entered summary judgment in Royal's favor. In their second assignment of error, appellants assert that the trial court improperly entered summary judgment in Cincinnati's favor. In their third assignment of error, appellants argue that the trial court improperly entered summary judgment in Progressive's favor.
 {¶ 13} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer
(2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 14} Civ.R. 56(C) provides, in relevant part, as follows:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 15} Applying the foregoing principles to the case at bar, we conclude that the trial court properly granted summary judgment in appellees' favor. The Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,797 N.E.2d 1256, 2003-Ohio-5849, is dispositive of the instant appeal.[1] In Galatis, the court abandoned theScott-Pontzer rationale. The court stated:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
Id. at paragraph two of the syllabus. Under Galatis,Scott-Pontzer no longer applies to all employees of a corporation. Rather, an employee of a corporation is an insured under an insurance policy issued to that corporation only if the employee suffers the loss while in the course and scope of employment.
 {¶ 16} In the case at bar, appellants have not alleged, and no evidence exists, that any of the injuries occurred while in the course and scope of employment. Therefore, under the recently-decided Galatis, appellants are not an insureds under their respective employers' policy. Because appellants are not an insured, the associated issues raised in the present appeal need not be addressed. The threshold issue, whether appellants are insureds, completely disposes of the case. Because appellants are not insureds, they do not have UIM claims against their employers' insurers.
 {¶ 17} We note that in general, a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Thus, the effect of the subsequent decision is not that the former decision was "bad law," but rather that it never was the law. In Ohio Bureau of Workers'Comp. v. Mullins 140 Ohio App.3d 375, 378, 747 N.E.2d 856, 858,2003-Ohio-2029 we wrote:
"[J]udicial pronouncements of the law generally apply retrospectively. State v. Akers (Sept. 9, 1999), Lawrence App. No. 98CA33; see, also, Shockey v. Our Lady of Mercy (Jun. 25, 1997), Hamilton App. No. C-960492. The effect of a court decision is not to make new law but only to hold that the law always meant what the court says it now means. Akers, supra. There are exceptions to this rule in those instances in which a court expressly indicates that its decision is only to apply prospectively, see Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. ofRevision (1999), 85 Ohio St.3d 125, 127, 707 N.E.2d 472, 475;State ex rel Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418, or in which contractual rights have arisen or a party has acquired vested rights under prior law. See Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468; see, also,Cartwright v. Maryland Ins. Group (1995), 101 Ohio App.3d 439,443, 655 N.E.2d 827, 829; King v. Safeco Ins. Co. (1990),66 Ohio App.3d 157, 161-163, 583 N.E.2d 1051, 1054-1055."
 {¶ 18} None of the exceptions apply in the case at bar. Thus,Galatis controls our disposition of this case. See Wayne Mut.Ins. Co. v. Travelers Ins. Group, Vinton App. No. 02CA582, 2004-Ohio-225.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellants' three assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] The trial court did not have the benefit of the Galatis
decision. The Ohio Supreme Court released Galatis after the trial court issued its judgment and during the pendency of this appeal.