DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court summary judgment in favor of American Home Assurance Company and Kemper Insurance Companies, defendants below and appellees herein.[1]
 {¶ 2} Larry Murphy and Carolyn Murphy, plaintiffs below and appellants herein, raise the following assignments of error in Case No. 03CA18:
First Assignment of Error:
"The trial court erred in finding that R.C. 3937.18 as amended changed the Linko v. Indemnity Ins. Co. (2000),90 Ohio St.2d 445, standard, and therefore, the rejection was valid."
Second Assignment of Error:
"The trial court erred in not finding that larry murphy and Carolyn Murphy were insureds under the contract of insurance."
Third Assignment of Error:
"The trial court erred in not finding that the kemper policy was ambiguous because none of the policy restrictions, definitions and exclusions are valid under its policy."
 {¶ 3} Appellants raise the following assignments of error in Case No. 03CA19:
First Assignment of Error:
"The trial court erred in finding wal-mart was exempt from R.C.3937.18 because it was self-insured."
Second Assignment of Error:
"The trial court erred in not finding that wal-mart's rejection did not comply with r.c. 3937.18 and the requirements of Linkov. Indemnity Ins. Co. (2000), 90 Ohio St.3d 445."
Third Assignment of Error:
"The trial court erred in not finding that larry murphy and Carolyn Murphy were insureds under the American Home Assurance Company Policy."
Fourth Assignment of Error:
"The trial court erred in not finding that larry murphy was entitled to um/uim coverage even though he was not occupying a covered auto."
 {¶ 4} The case at bar involves appellants' right to receive underinsured (UIM) coverage under appellees' insurance policies, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116, and its progeny. The parties do not dispute the relevant facts.
 {¶ 5} On February 22, 2001, Larry suffered injuries in an automobile accident. At the time of the accident, Carolyn was employed with the Pillsbury Company. Kemper insured Pillsbury. Larry's daughter was employed with Wal-Mart Stores. American Home insured Wal-Mart.
 {¶ 6} Appellants subsequently filed a complaint against, inter alia, Kemper and American Home seeking UIM coverage under their policies, pursuant to Scott-Pontzer. Both Kemper and American Home filed summary judgment motions, which the trial court granted. The trial court determined that appellants were not entitled to UIM coverage. Appellants filed a timely notice of appeal.
 {¶ 7} All of appellants' assignments of error raise the related issue of whether the trial court erred by granting summary judgment in appellees' favor and by determining that appellants were not entitled to UIM coverage under appellees' policies.
 {¶ 8} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer
(2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 9} Civ.R. 56(C) provides, in relevant part, as follows:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 10} Applying the foregoing principles to the case at bar, we conclude that the trial court properly granted summary judgment in appellee's favor. The Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,797 N.E.2d 1256, 2003-Ohio-5849, is dispositive of the instant appeal.[2] In Galatis, the court abandoned theScott-Pontzer rationale. The court stated:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
Id. at paragraph two of the syllabus.
 {¶ 11} Under Galatis, Scott-Pontzer no longer applies to all employees of a corporation. Rather, an employee of a corporation is an insured under an insurance policy issued to that corporation only if the employee suffers the loss while in the course and scope of employment. In the case at bar, appellants have not alleged, and no evidence exists, that their injuries occurred while in the course and scope of employment. Therefore, under the recently-decided Galatis, appellants are not an insureds under appellees' policies. Because appellants are not insureds, the associated issues raised in the present appeal need not be addressed. The threshold issue, whether appellants are insureds, completely disposes of the case. Because appellants are not insureds, they do not have UIM claims against appellees.
 {¶ 12} We note that in general, a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Thus, the effect of the subsequent decision is not that the former decision was "bad law," but rather that it never was the law. In Ohio Bureau of Workers'Comp. v. Mullins 140 Ohio App.3d 375, 378, 747 N.E.2d 856, 858,2003-Ohio-2029 we wrote:
"[J]udicial pronouncements of the law generally apply retrospectively. State v. Akers (Sept. 9, 1999), Lawrence App. No. 98CA33; see, also, Shockey v. Our Lady of Mercy (Jun. 25, 1997), Hamilton App. No. C-960492. The effect of a court decision is not to make new law but only to hold that the law always meant what the court says it now means. Akers, supra. There are exceptions to this rule in those instances in which a court expressly indicates that its decision is only to apply prospectively, see Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. ofRevision (1999), 85 Ohio St.3d 125, 127, 707 N.E.2d 472, 475;State ex rel Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418, or in which contractual rights have arisen or a party has acquired vested rights under prior law. See Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468; see, also,Cartwright v. Maryland Ins. Group (1995), 101 Ohio App.3d 439,443, 655 N.E.2d 827, 829; King v. Safeco Ins. Co. (1990),66 Ohio App.3d 157, 161-163, 583 N.E.2d 1051, 1054-1055."
 {¶ 13} None of the exceptions apply in the case at bar. Thus,Galatis controls our disposition of this case. See Wayne Mut.Ins. Co. v. Travelers Ins. Group, Vinton App. No. 02CA582, 2004-Ohio-225.
 {¶ 14} Accordingly, based upon the foregoing reasons, we overrule appellants' assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] We have sua sponte consolidated Case Numbers 03CA18 and 03CA19 for ease of discussion.
[2] The trial court did not have the benefit of the Galatis
decision. The Ohio Supreme Court released Galatis after the trial court issued its judgment and during the pendency of this appeal.