DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants Derrick L. Williams and his grandparents, Nancy and Danny Keirns (collectively, "Williams"), appeal the Athens County Court of Common Pleas' decision granting summary judgment in favor of Indiana Insurance Company. Williams asserts that the trial court erred in determining that WestfieldIns. Cos. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, applies retrospectively to preclude coverage in this case. Additionally, Williams asserts that the trial court erred in failing to rule that an exception to the usual presumption for retrospective application applies in this case. Because we find that Galatis generally applies retrospectively and further because Williams was not a party to the insurance contract who might have relied upon pre-Galatis decisions in negotiating coverage, we disagree. Accordingly, we overrule Williams' assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} On May 29, 2000, Charles Jones allegedly negligently or recklessly operated his vehicle, causing severe and permanent injuries to Derrick L. Williams, a minor and dependant of Nancy and Danny Keirns. At the time, Nancy Keirns was an employee of Athens City Schools. Athens City Schools had an automobile insurance policy from Indiana Insurance Company ("IIC").
 {¶ 3} Williams filed a complaint against Jones. Williams included IIC as a defendant in his complaint, under the theory that Jones is an underinsured motorist as defined by the IIC policy, and that he is entitled to UM/UIM coverage from IIC by operation of law under Scott-Pontzer v. Liberty Mut. Ins. Co.
(1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins.Co. (1999), 86 Ohio St.3d 557. Upon Williams' motion, the trial court entered partial summary judgment against IIC, finding that Williams was entitled to the UM/UIM coverage.
 {¶ 4} Thereafter, the Supreme Court of Ohio decidedGalatis. IIC filed a motion for reconsideration of the trial court's ruling regarding coverage. The court sustained IIC's motion, granted summary judgment to IIC, and expressly found that there was no just cause for delay. Williams appeals this ruling, asserting the following assignments of error: "I. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that [Galatis] retroactively applied to this case. II. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that they were not entitled to underinsured/uninsured motorist coverage from the automobile insurance policy that defendant-appellee issued to Athens City Schools."
 II. {¶ 5} In both of his assignments of error, Williams asserts that the trial court erred in granting summary judgment in favor of IIC because he has a vested right to have the IIC policy construed in accordance with Scott-Pontzer and Ezawa rather than Galatis. Accordingly, we consider his assignments of error jointly.
 {¶ 6} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144,146; Morehead v. Conley (1991),75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531,535.
 {¶ 7} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809. We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 8} With Galatis, the Ohio Supreme Court abandoned theScott-Pontzer rationale, and ruled that Scott-Pontzer no longer applies to all employees of a corporation. Murphy v.Thornton, Jackson App. Nos. 03CA18 and 03CA19, 2004-Ohio-1459, at ¶ 11; Caplinger v. Raines, Ross App. No. 03CA2734, 2004-Ohio-1298, at ¶ 15. "Rather, an employee of a corporation is an insured under the insurance policy issued to that corporation only if the employee suffers the loss while in the course and scope of employment." Murphy at ¶ 11; Caplinger at ¶ 15. Thus, where claimants do not allege that their injuries occurred while in the course and scope of their employment, the claimants are not insureds under the rule of law pronounced in Galatis.Murphy at ¶ 11; Caplinger at ¶ 16.
 {¶ 9} Generally, "a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Thus, the effect of the subsequent decision is not that the former decision was `bad law,' but rather that it never was the law." Murphy at ¶ 12; Caplinger at 17. See, also,Wagner v. Midwestern Indem. Co. (1998), 83 Ohio St.3d 287, 289;Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209; Parksv. Rice, 157 Ohio App.3d 190, 2004-Ohio-2477, at ¶ 19. There are exceptions to this rule, such as when the court expressly indicates that its decision is only to apply prospectively, or when contractual rights have been acquired or vested rights have arisen under the prior decision. Murphy at ¶ 12; Caplinger at 17; Parks at ¶ 20.
 {¶ 10} Williams first argues that he is an insured under the IIC contract, and that we should not apply Galatis
retrospectively. He contends that the law in effect at the time of the IIC contract defines the scope of UM/UIM coverage when his accident occurred, and that under that law, he is covered under the IIC policy by operation of law.
 {¶ 11} We rejected this argument in Murphy and Caplinger.
Specifically, we applied Galatis retrospectively to reach the determination that the claimants in those cases were not insureds under their employers' policies because they were not acting within the scope of their employment at the time of their injuries. Williams argues that our discussion regarding the retrospective application of Galatis in Murphy andCaplinger is merely dicta because in each decision the discussion is preceded by the statement, "[t]he threshold issue, whether appellants are insureds, completely disposes of this case." Murphy at ¶ 11; Caplinger at ¶ 16. Thus, Williams contends that Murphy and Caplinger do not apply here.
 {¶ 12} Williams' argument ignores the fact that in order to reach our conclusion regarding that "threshold issue" of whether the appellants were insureds, we needed to determine whetherGalatis applied retrospectively. In each case, we determined "under the recently-decided Galatis, appellants are not insureds." Murphy at ¶ 11; Caplinger at ¶ 16. The fact that our explanation of why Galatis applies retrospectively followed our holding rather than preceded it does not make the discussion any less relevant. As we held in Murphy and Caplinger, we hold today that Galatis generally applies retrospectively.
 {¶ 13} Williams contends that he is protected from the general rule for retrospective application of Galatis because he possessed a vested right in an accrued cause of action against IIC under Scott-Pontzer and Ezawa, which cannot be taken away. He contends that our decision in Singleton v. BagshawEnterprises, Inc., Adams App. No. 03CA769, 2004-Ohio-508, supports his position.
 {¶ 14} We expressly reject Williams' argument that he possesses a contractual right that arose under Scott-Pontzer
and Ezawa that cannot be extinguished via the retrospective application of Galatis. We agree that courts do not retrospectively apply decisions when doing so will "disturb the operation of contracts formed in contemplation of and reliance upon law that is later overturned by judicial decision." Parks
at ¶ 22, citing Royal Indemn. Co. v. Baker Protective Serv.,Inc. (1986), 33 Ohio App.3d 184, 186. However, the exception will not apply where the party cannot demonstrate reliance upon the prior case law. Id.
 {¶ 15} In Parks, the court rejected the claimants' attempt to avoid the retrospective application of Galatis because the insurance contract was between the employer and the insurer, and therefore could not have been the basis for any reliance on the claimants' part. Parks at ¶ 22. We employed similar rationale in Singleton when we retroactively applied Galatis after finding that the claimant could not have relied upon Ezawa
because Ezawa did not exist at the time the parties created the insurance contract. Singleton at ¶ 14.
 {¶ 16} Because Williams was not a party to the contract between IIC and Athens City Schools, the rationale for not retrospectively applying Galatis does not apply here. Williams, like the claimants in Parks, did not demonstrate that he entered any contract in reliance upon Scott-Pontzer andEzawa. Thus, no exception to the general presumption for retrospective application applies here.
 {¶ 17} Accordingly, we overrule Williams' assignments of error and we affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee Indiana Insurance Company recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.