OPINION
{¶ 1} Plaintiffs-appellants, Benjamin Daniels and his mother, Christal Nida, appeal the decision of the Madison County Court of Common Pleas to grant summary judgment to defendant-appellee, Citizens Insurance Co. of Ohio ("Citizens") on appellants' claim of insurer bad faith.
 {¶ 2} In December 1999, appellant Daniels sustained serious injury when the vehicle in which he was a passenger left the road and struck a concrete culvert.
 {¶ 3} Citizens provided a commercial automobile policy of insurance to Mike's Trucking Ltd., appellant Nida's employer. Relying uponScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.,86 Ohio St.3d 557, 1999-Ohio-124, and their progeny, appellants sought a declaratory judgment that Citizens was obligated to provide under-insured motorist ("UIM") coverage to appellants for this accident.[1]
 {¶ 4} The trial court granted summary judgment to appellants, but the decision was reversed by this court when the Ohio Supreme Court issuedWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, during the pendency of the appeal. See Daniels v. Citizens Insurance Co. ofOhio, Madison App. No. CA2003-06-023, 2004-Ohio-93.
 {¶ 5} Several months after this court issued its decision, the trial court asked the parties to brief the issue of the remaining claim for bad faith, subsequently granting summary judgment to Citizens and dismissing appellants' claim. Appellants appeal this decision, setting forth the following assignment of error:
 {¶ 6} "The Trial Court erred to the substantial prejudice of Plaintiffs-Appellants Benjamin Daniels and Christal Nida in dismissing their insurance bad faith claim upon determination that the bad faith claim was not independent of their contractual claim for coverage."
 {¶ 7} We reviewed the record and the applicable case law, and considered all of appellants' arguments. We review de novo the trial court's decision on summary judgment. Daubenmire v. Sommers,156 Ohio App. 3d 322, 2004-Ohio-914, ¶ 78.
 {¶ 8} It is not disputed that, based upon the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured, and a breach of this duty will give rise to a cause of action against the insurer.Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, paragraph one of syllabus. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppov. Homestead Ins. Co., 71 Ohio St.3d 552, 1994-Ohio-461, paragraph one of syllabus.
 {¶ 9} Construing the evidence in the case at bar most favorably for appellants, no genuine issue of material fact exists and reasonable minds can come to but one conclusion and that conclusion is adverse to appellants. Civ.R. 56.
 {¶ 10} For this accident, reasonable minds could only conclude that appellant Nida is not covered under Citizens' policy of insurance, and since appellant Nida is not a named insured in the policy, appellant Daniels is not an insured under the policy. See Galatis, paragraphs two and three of syllabus (limits Scott-Pontzer to UIM coverage for loss sustained within course and scope of employment; overrules Ezawa by stating that insurance coverage is not extended to family members of employees unless employee is also named insured in policy).
 {¶ 11} Therefore, reasonable minds could only conclude that, without the insurance coverage, appellants cannot maintain a tort claim of bad faith against Citizens. See Buckeye Union Ins. Co. v. State Farm Mut.Ins. Co. (Apr. 16, 1997), Hamilton App. No. C-960282, (duty of good faith exists solely because of contractual relationship between insurer and insured, and no bad-faith claim in absence of insurance relationship between plaintiff and insurer); Bob Schmitt Homes, Inc. v. CincinnatiIns. Co. (Feb. 24, 2000), Cuyahoga App. No. 75263 (rule of reasonable justification for refusal to pay presupposes that insured is entitled to coverage and where insured failed to show it was entitled to coverage, "factual prerequisite" to claim was lacking); Simpson v. PermanentGeneral Ins. Co., Cuyahoga App. No. 81216, 2003-Ohio-1157, in concurring opinion, ¶ 24 (when there is no contract between insurer and the claimant, then determining coverage may be threshold question to tort claim for bad faith); Toledo-Lucas County Port Authority v. AXA Marine Aviation Ins. Ltd. (N.D.Ohio 2002), 220 F. Supp.2d 868, 875, reversed and remanded on coverage decision in Toledo-Lucas County PortAuthority v. AXA Marine Aviation Ins. Ltd (C.A.6, 2004), 368 F.3d 524 (without coverage in first instance, an insured cannot maintain a bad faith action against its insured under Ohio law).
 {¶ 12} Appellants argue that they were considered insureds beforeGalatis was issued, and therefore, their due process rights were violated when their vested rights were eliminated by the retrospective application of Galatis.
 {¶ 13} The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, "but that it never was the law." Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209,210. The general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." Id.; see, also, Gooding v. National Fire Ins. Co. of Hartford, Stark App. No. 2003CA00199, 2004-Ohio-693, ¶ 22-27 (retrospective application and exceptions thereto).
 {¶ 14} Having reviewed the record in a light most favorably for appellants, we find no genuine issues of material fact exist and reasonable minds can only reach one conclusion on these issues and that conclusion is adverse to appellants. Civ.R. 56.
 {¶ 15} A right cannot vest until a judgment is secured, and appellants did not secure a judgment in the case at bar. See Gooding, ¶ 27-28 (where plaintiff has not secured a judgment against insurer, she does not have a vested right to coverage under the policies at issue and theGalatis decision may be applied retroactively).
 {¶ 16} Further, appellants cannot successfully argue that this contract of insurance was secured in reliance on the holdings ofScott-Pontzer and Ezawa, because the parties who contracted for this policy were the employer, Mike's Trucking Ltd., and Citizens, not appellants, and the particular policy at issue was effective beforeScott-Pontzer and Ezawa were issued. Williams v. Jones, Athens App. No. 04CA6, 2004-Ohio-5512, ¶ 13-16; see Westfield Ins. Co. v. Galatis, 100 Ohio St.3d at ¶ 59 (court considered, but found no reliance interest jeopardized by limiting Scott-Pontzer decision).
 {¶ 17} While appellants lament the "fortuitous" timing of the Galatis
decision, we cannot ignore Galatis and the Supreme Court's direction to apply Galatis retrospectively. See e.g. Shirley v. Republic-Franklin Ins.Co., 104 Ohio St.3d 638, 2005-Ohio-182; Powell v. Grange Mut. Cas. Co., Columbiana App. No. 04CO8, 2005-Ohio-2957. We cannot turn back the clock and review this case and the conduct therein as if Galatis had not occurred, just as parties would not be successful in asking this court to ignore the holding of Scott-Pontzer after it was issued.
 {¶ 18} Accordingly, having considered all of the arguments presented by appellants, we find that Citizens is entitled to summary judgment on the bad faith claim. The assignment of error is overruled. Judgment for Citizens is affirmed.
Powell, P.J., and Walsh, J., concur.
[1] There is no evidence or claim that the vehicle belonged to appellants or to appellant Nida's employer. Likewise, there is no claim that any individual was acting within his or her scope of employment when the accident occurred.