DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Nationwide Agribusiness Insurance Company has appealed from a decision of the Wayne County Court of Common Pleas that granted summary judgment in favor of Plaintiffs-Appellees David Elliston, individually and as the Administrator of the Estate of Christina and Jennifer Elliston, and Sue Elliston. We reverse and grant summary judgment in favor of Appellant.
 I {¶ 2} On April 10, 2002, David and Sue Elliston (collectively "Appellees") filed suit against Appellant for breach of contract and declaratory judgment. In the complaint, Appellees alleged that on December 27, 2000, while driving along County Road 70, in Wayne County, Ohio, the minors Jennifer Elliston and Christina Elliston (collectively "decedents") were killed in a car accident. Appellees alleged that the driver, Jeffrey P. Kaufman, negligently caused his vehicle, in which the decedents were passengers, to drive off the left side of the roadway and into a tree. Appellees, the father and mother of the decedents, further asserted that at the time of the accident, the decedents resided in the same household as Appellees. Appellees claimed that they were entitled to uninsured and underinsured motorists ("UM/UIM") coverage under an automobile policy that Sue Elliston's employer, the Wayne County Board of MRDD ("Board") and Ida Sue School, maintained with Appellant.[1] The coverage provided by the policy of insurance included UM/UIM coverage in the amount of $100,000 per occurrence.
 {¶ 3} Appellant filed an answer and counterclaim on July 25, 2002. In the counterclaim, Appellant sued for declaratory judgment. Appellant asserted that Appellees were not entitled to UM/UIM coverage under any policy it maintained with Sue Elliston's employer because, among other things:
"(a) [Appellees] fail to meet the definition of an insured contained within the insurance policies * * *;
(b) [Appellees] fail otherwise to qualify as an insured under the insurance policies * * *;
(c) The claim of [Appellees] is barred by the terms, conditions, definitions, and exclusions contained in the insurance policies * * *
(d) [Appellees have] failed to exhaust all available liability insurance policies, bonds, or both, and have not exhausted all other available [UM/UIM] motorist coverage;
(e) The claims of [Appellees are] barred by R.C. 3937.18;
(f) The claims of [Appellees are] barred by R.C. 2744.01;
(g) The claims of [Appellees are] barred by R.C. 5126.09;
(h) The claims of [Appellees are] barred because a county board such as the [Board] has no legal authority to purchase [UM/UIM] coverage for persons they employ, their spouses, or their children, while any of these persons operate or occupy privately owned motor vehicles outside the course and scope of any employment;
"* * *
"(l) The United States and Ohio Constitutions prohibit the courts of Ohio and other authorities from taking the life, liberty, or property of [Appellant] without due process of law and due course of law. Such an unlawful deprivation would occur if [Appellant] were compelled to provide [UM/UIM] coverage to [Appellees], or any of them."
 {¶ 4} On February 3, 2003, Appellees filed a motion for summary judgment. In the motion, Appellees argued that: 1) the Board failed to validly reject or reduce UM/UIM coverage pursuant to Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, and Linko v. Indemnity Ins. Co. of N. Am.
(2000), 90 Ohio St.3d 445, and thus coverage arose by operation of law; 2) the term "you" in the "Who Is An Insured" clause is ambiguous, and thus Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, overruled in part, Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, applies and Sue Elliston is therefore an "insured"; 3) as live-in family members of an employee of the Board, David Elliston and the decedents qualified as "insureds" for purposes of UM/UIM coverage pursuant to Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, overruled by, Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Appellant filed a response on March 3, 2003.
 {¶ 5} Appellant filed a motion for summary judgment on February 5, 2003. Appellant maintained that 1) the alleged negligent driver, Jeffrey P. Kaufman, was not an underinsured motorist and therefore Appellees were not entitled to UIM benefits under any of the policies; 2) Appellees did not qualify as "insureds" under the policies because the Board had no legal authority to purchase UM/UIM coverage for off-duty employees and that therefore Scott-Pontzer could not apply to extend coverage to Appellees; and 3) compelling Appellant to extend UM/UIM coverage to Appellees would violate Appellant's due process rights and the privacy rights of the Board's employees. Appellees filed a response on March 3, 2003.
 {¶ 6} The trial court ruled on the parties' motions on April 16, 2003. Based on Appellees' stipulations, the trial court found that the decedents were passengers in a vehicle negligently operated by Jeffrey P. Kaufman. The vehicle was not owned by the decedents, Appellees, or the Board. At the time of the accident, the decedents were unmarried minors, living with Appellees. The trial court further found that Sue Elliston was employed with the Board, which maintained an automobile insurance policy with Appellant. The trial court concluded that UM/UIM coverage under Appellant's insurance policy arose by operation of law because Appellant's rejection form failed to satisfy Gyori or Linko.Scott-Pontzer, the trial court explained, also applied to the insurance policy because the term "named insured" referred only to the corporation, i.e., the Board. Thus, UM/UIM coverage under the policy extended to Sue Elliston, as an employee of the "named insured." The trial court further concluded that the decedents and David Elliston, as family members of an "insured," were also entitled to UM/UIM benefits pursuant to Ezawa.
 {¶ 7} After the trial court's April 16, 2003 decision, Appellees stipulated that as a result of the decedents' death, they suffered $675,000 in damages. The trial court later entered an order finding that because the issue of coverage had previously been decided, and Appellees had stipulated to the amount of damages they suffered as a result of the automobile accident, there was no need to have a jury trial. Final judgment was entered in favor of Appellees in the amount of $675,000.
 {¶ 8} Appellant has timely appealed, asserting three assignments of error. We have consolidated some of the assignments of error to facilitate review.
 II Assignment of Error Number One
"The trial court erred in finding that [appellees] qualified as insureds under [appellant's] insurance policy."
 {¶ 9} In Appellant's first assignment of error, it has argued that the trial court erred in finding that Appellees qualified as "insureds" under the insurance policy that Appellant maintained with the Board. This Court agrees.
 {¶ 10} As an initial matter, we note that the appropriate appellate standard of review for an award of summary judgment is de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Civ.R. 56(C); Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1996), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d383, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 11} According to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589.
 {¶ 12} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449.
 {¶ 13} Civ.R. 56(C) provides an exclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v. American Univ. of the Caribbean (1981),3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, answers to interrogatories, and the pleadings. Civ.R. 56(C).
 {¶ 14} We first note that, in construing the terms of the insurance policy at issue, the Ohio Supreme court has stated that: "[I]nsurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties." Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512,2002-Ohio-2842, at ¶ 8, quoting Rhoades v. Equitable Life Assur.Soc. Of the U.S. (1978), 54 Ohio St.2d 45, 47. Moreover, a contract that contains language which is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v.Buckeye Union Ins. Co. (1999), 135 Ohio App.3d 616, 627, appeal not allowed (2000), 88 Ohio St.3d 1447.
 {¶ 15} In the instant matter, Appellant has argued thatScott-Pontzer does not apply to its insurance policy. Specifically, Appellant has argued that Scott-Pontzer does not apply because the contractual language contained in its policy is unambiguous, and therefore Appellees are not "insureds" for the purposes of UM/UIM coverage.
 {¶ 16} In Scott-Pontzer, the court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies. More specifically, the court had to determine if the definition of "insured" included a corporation's employees. A provision in the policy defined "insured" as:
"B. Who Is An Insured
"1. You.
"2. If you are individual, any family member.
"3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer,85 Ohio St.3d at 663.
 {¶ 17} The coverage form further provided that "[t]hroughout this policy the words you and your refer to the [n]amed [i]nsured shown in the [d]eclarations.'" Scott-Pontzer,85 Ohio St.3d at 663. The corporation, Superior Dairy, Inc., was listed in the Declarations page of the insurance policy as the "named insured." The court found that the term "you" or "your" was ambiguous, and held that an employee was also an "insured" for purposes of UM/UIM coverage when such an ambiguity exists. Id. at 665. The court explained:
"[I]t would be reasonable to conclude that `you,' * * * also includes * * * employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees."Scott-Pontzer, 85 Ohio St.3d at 664.
 {¶ 18} Assuming, without deciding that the definition of "insured" contained in the instant policy is ambiguous, we find that Appellees do not qualify as "insureds" in light of the Ohio Supreme Court's recent decision in Galatis.
 {¶ 19} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation."Galatis, 2003-Ohio-5849, at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." (Emphasis added.) Id. at paragraph two of the syllabus. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208. An insurance policy extending to:
"[A]n employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy."Galatis, 2003-Ohio-5849, at ¶ 20.
 {¶ 20} Additionally, the Galatis court held that the decision in Scott-Pontzer was correct "to the extent that it held that an employee in the scope of employment qualifies as `you' as used in [the employer's insurance policy], and thus, is entitled to uninsured motorist coverage." (Alterations added.)Galatis, 2003-Ohio-5849, at ¶ 31. The court further overruled its prior holding in Ezawa and held that "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 21} This Court notes that "the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, appeal dismissed (1956), 382 U.S. 804, 77 S.Ct. 30, 1 L.Ed.2d 38. Thus, in accordance with Galatis, we conclude that Appellees are not entitled to UM/UIM coverage under Appellant's policy. Sue Elliston is not an "insured" because it is undisputed that she was not within the course and scope of her employment with the Board when the decedents were injured; in fact, she was not even present when the accident occurred. See Galatis,2003-Ohio-5849, at ¶ 62. As family members of Sue Elliston, David Elliston and the decedents are not "insureds" because Sue Elliston is not an "insured." Moreover, the language in the clause does not extend coverage to "family members" of employees. Even if such language did exist, the corporation (i.e., the Board) is designated as the "named insured," but Sue Elliston is not listed as the "named insured." Therefore, UM/UIM coverage could not extend to an employee's family members. See id.
 {¶ 22} In sum, we find that pursuant to Galatis, Appellees cannot qualify as "insureds" and are therefore not entitled to UM/UIM benefits under Appellant's insurance policy. Consequently, we find that the trial court erred in granting summary judgment in favor of Appellees. Rather, summary judgment should have been granted in favor of Appellant as a matter of law. Appellant's assignment of error has merit.
 Assignment of Error Number Two
"The trial court erred in finding that [appellant's] policyholder had the authority to purchase underinsured motorist coverage for [appellees]."
Assignment of Error Number Three
"The trial court erred in failing to find that the U.S. and Ohio Constitutions preclude any finding of coverage for the Ellistons."
 {¶ 23} In light of our disposition of Appellant's first assignment of error, we decline to address Appellant's second and third assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 24} Appellant's first assignment of error is sustained; we decline to address its second and third assignments of error. The trial court's entry of summary judgment in favor of Appellees is reversed, and summary judgment is hereby entered in favor of Appellant.
Judgment reversed.
Slaby, J., and Batchelder, J. concur
[1] The Wayne County Board of MRDD maintained two insurance policies with Appellant: 1) Commercial Automobile Liability Policy No. CA008455; and 2) Education Liability Policy No. EGL0008455. Appellees, in both their original and amended complaints, did not seek UM/UIM coverage under the latter policy, rather their arguments were based upon the Commercial Automobile Liability Policy.