DECISION
{¶ 1} Defendant-appellant, St. Paul Mercury Insurance Company, appeals from a September 2003 decision of the Franklin County Court of Common Pleas which denied its motion for summary judgment in this action by plaintiff-appellee, Linda Pearson, seeking uninsured/underinsured ("UM/UIM") benefits under a commercial automobile insurance policy.
 {¶ 2} The parties do not dispute that, at the time of the January 2001 accident, appellee was employed by appellant's insured, Doctor's Hospital North, but that appellee was not in the scope of her employment. Appellee's claim for UM/UIM coverage was based upon Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, the holding of which has since been sharply limited in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. The court, in Galatis, held, at paragraph two of the syllabus:
Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 3} Appellant now assigns one error:
The trial court erred in denying st. paul's motion for summary judgment.
 {¶ 4} Appellant's position is that, because appellee was not in the scope of her employment at the time of the accident, she is not entitled to coverage under her employer's policy. In addition, appellant argues that UM/UIM coverage under the policy did not arise by operation of law, pursuant to Linko v. Indemn.Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445, and related cases.
 {¶ 5} Appellee's response, while acknowledging thatScott-Pontzer is no longer controlling, claims her asserted basis for coverage was and continues to be that appellant's evidence failed to establish that the policy's UM/UIM coverage was provided in an amount equal to liability coverage, and, thus, coverage arose under operation of law such that appellant was unable to limit coverage to those driving an owned auto, but, rather, must now provide UM/UIM coverage to anyone driving "any auto." For authority, appellee relies, inter alia, upon this court's decision in Riggs v. Motorists Mut. Ins. Co., Franklin App. No. 02AP-876, 2003-Ohio-1657, as it interpreted Linko,
supra.
 {¶ 6} Pursuant to Galatis, appellee is not entitled to UM/UIM coverage under appellant's policy because, at the time of the accident, she was not in the course and scope of her employment. Moreover, we interpret the holding of Riggs to be no longer viable because, post-Galatis, the Ohio Supreme Court reversed Riggs' finding of coverage under the business automobile liability policy, then dismissed the pending cause ofLumbermens Mut. Cas. Co. v. Xayphonh, Summit App. No. 21217, 2003-Ohio-1482, which had been certified to the court as being in conflict with Riggs. In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888, at ¶ 17;01/29/2004 Case Announcements, 2004-Ohio-345. Finally, we conclude we need not reach the question of whether coverage arose by operation of law because, following Galatis, appellee was not in the scope of her employment, and, thus, could not be considered an insured under the policy. Without a finding that the party seeking coverage qualifies as an insured, Linko
issues do not arise. See, e.g., Elliston v. Nationwide Ins.Co., Wayne App. No. 03CA0024, 2004-Ohio-1597; Sweeney v. Natl.Union Fire Ins. Co., Cuyahoga App. No. 82143, 2004-Ohio-624;Murphy v. Thornton, Jackson App. No. 03CA18, 2004-Ohio-1459.
 {¶ 7} Based upon these considerations, appellant's sole assignment of error is sustained and the judgment of the Franklin County Common Pleas Court is reversed.
Judgment reversed.
Watson and Sadler, JJ., concur.